UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

                            :

In re: Terrorist Attacks
of September 11, 2001       :   03 MDL 1570 (RCC)

                            :

- - - - - - - - - - - - - - - - x

*This Document Relates to:*

                            :

Federal Insurance Company,
et al.,                   :

                            03 Civ. 6978 (RCC)

             v.       :

Al Qaida, et al.       :

- - - - - - - - - - - - - - - - x

**SECOND STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AUTHORIZE
ALTERNATIVE MEANS OF SERVICE OF PROCESS ON
DEFENDANTS ALLEGED TO BE IN UNITED STATES CUSTODY**

PETER D. KEISLER             DAVID N. KELLEY
Assistant Attorney General    United States Attorney


DOUGLAS N. LETTER          SARAH S. NORMAND
Terrorism Litigation Counsel   Assistant U.S. Attorney
U.S. Department of Justice     86 Chambers Street, 3rd Floor
                           New York, New York 10007
                           Telephone:  (212) 637-2709
- Of Counsel -            Facsimile: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
In re: Terrorist Attacks
of September 11, 2001              :    03 MDL 1570 (RCC)

                                   :

- - - - - - - - - - - - - - - - - x
*This Document Relates to:*
                                   :
Federal Insurance Company,
et al.,                            :
                                        03 Civ. 6978 (RCC)
            v.                     :

Al Qaida, et al.                   :

- - - - - - - - - - - - - - - - - x

**SECOND STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AUTHORIZE
ALTERNATIVE MEANS OF SERVICE OF PROCESS ON
DEFENDANTS ALLEGED TO BE IN UNITED STATES CUSTODY**

The United States of America ("United States" or
"Government") submits this Second Statement of Interest pursuant
to 28 U.S.C. § 517.  In its initial Statement of Interest, the
United States advised that it would attempt to facilitate service
of process on certain defendants whom the Government has publicly
acknowledged are in the custody of the Department of Justice
("DOJ").  Statement of Interest of the United States ("Stmt.
Int.") at 6-7.  Counsel for the United States has since been in
contact with plaintiffs' counsel regarding service of process on
those defendants.  With respect to the other defendants
identified in plaintiffs' motions, however, for substantial
national security reasons, the United States will neither confirm

nor deny whether or not it has custody of such persons and therefore cannot participate in a procedure designed to serve them with process.  Id. at 7-15.

In their reply, plaintiffs acknowledge "the Government's strong interest in waging an effective war against international terrorism," Plaintiffs' Reply ("Pl. Rep.") at 3, and they do not contest that official public disclosure of the identities of persons detained in U.S. custody could have grave effects on the United States' anti-terrorism efforts.  They argue, however, that the Court should attempt to "craft an appropriate compromise" by requiring the Government both to submit sensitive national security information to the Court under seal, presumably ex parte, and to propose a protocol for serving process on persons in U.S. custody.  Id. at 7-8.  As set forth below, plaintiffs' alternative proposal raises the same sovereign immunity and separation-of-powers concerns as the relief requested in their motions.  Plaintiffs' proposal should therefore be rejected.

ARGUMENT

A.   Plaintiffs Have Identified No Legal Authority for
     This Court to Grant the Requested Relief

Plaintiffs do not dispute the fundamental proposition that, in the absence of an express, unequivocal waiver of sovereign immunity, this Court is precluded from compelling U.S. officials to act.  See Stmt. Int. at 10-12; Pl. Rep. at 7.  Nor

do plaintiffs identify any applicable waiver of sovereign

immunity.  See Pl. Rep. at 7.  Nevertheless, plaintiffs ask the

Court to "compel the Government to disclose to the Court, in a

sealed filing, whether the defendants at issue are in fact in

U.S. custody and, if so, to submit a proposed protocol for

accomplishing service upon those defendants."  Pl. Rep. at 3, 8

(emphasis added).

          This alternative request implicates sovereign immunity

no less than the relief requested in plaintiffs' motions.  Just

as there is no express and unequivocal waiver of sovereign

immunity granting this Court authority to order U.S. officials to

serve process on detainees, see Stmt. Int. at 13-15, there is no

legal basis to compel the Government to disclose the names of

detainees to the Court for purposes of developing a protocol for

service.  To the contrary, the responsibility for regulating

access to sensitive national security information is committed to

the Executive Branch, not to the courts.  See People's Mojahedin

Org. of Iran v. Department of State, 327 F.3d 1238, 1242 (D.C.

Cir. 2003) ("[U]nder the separation of powers created by the

United States Constitution, the Executive Branch has control and

responsibility over access to classified information and has a

compelling interest in withholding national security information

from unauthorized persons in the course of executive business.")

(quoting Department of the Navy v. Egan, 484 U.S. 518, 527

(1988), and <u>Snepp v. United States</u>, 444 U.S. 507, 509 n.3 (1980))

(internal quotation marks omitted).

Moreover, plaintiffs' proposal that the Government

disclose this information to the Court, even <u>ex parte</u>, does not

resolve the Government's national security concerns.  <u>Cf.</u> <u>United</u>

<u>States v. Reynolds</u>, 345 U.S. 1, 10 (1953) (noting, in the context

of the state secrets privilege, that "the court should not

jeopardize the security which the privilege is meant to protect

by insisting upon an examination of the evidence, even by the

judge alone, in chambers").  The sole purpose of disclosure in

this case would be to develop a "protocol" to accomplish service

of process on persons allegedly in U.S. custody.  Such a protocol

necessarily would result in the public disclosure of sensitive

information, as the Government would have to acknowledge whom it

holds in custody, and whom it does not, in order to effectuate

service of process.  Plaintiffs have identified no statutory or

other legal authority that would permit the Court to grant such

relief, and basic separation-of-powers concerns counsel strongly

against it.  <u>See</u> Stmt. Int. at 10-15 & n.6.

Plaintiffs attempt to avoid the sovereign immunity bar

by arguing that they do not seek an order compelling an officer

of the United States to serve process on any defendant, but

merely "this Court's permission to allow service of process on

specified individuals and foreign terrorist organizations *with*

4

*the assistance of the U.S. Government*."  Pl. Rep. at 7 (emphasis in original).  This assertion is inconsistent both with the language of plaintiffs' proposed order, see Docket No. 55 (directing the Attorney General to forward copies of summons and complaint to persons allegedly being held by United States), and with their alternative request that the Court "compel" the Government to disclose national security information to the Court under seal and to submit a protocol for service of process, Pl. Rep. at 3, 8.  Indeed, plaintiffs have already requested the Government to facilitate service of process, and the Government has provided its response.  Thus, the only purpose for plaintiffs to continue to seek the Court's assistance is to compel the United States to do what it has not agreed to do voluntarily. That requires an express waiver of sovereign immunity, which for the reasons stated is not present here.

B.    Plaintiffs' Litigation Need Does Not Justify
      Disclosure of Sensitive National Security Information

        Plaintiffs contend that the Government's refusal to confirm or deny whether or not it is holding certain defendants may "impede or bar [the] Insurers from pursuing valid civil claims against those individuals and their respective terrorist organizations."  Pl. Rep. at 6.  However, as the United States' initial Statement of Interest makes clear, and plaintiffs do not dispute, there are substantial national security reasons why the United States will not confirm or deny whether or not it has

custody of the specified defendants.  Official public disclosure
of the identities of detainees could, among other things, "enable
al Qaeda or other terrorist groups to map the course of the
investigation and thus develop the means to impede it."  Center
for Nat'l Sec. Studies v. DOJ, 331 F.3d 918, 928 (D.C. Cir.
2003), cert. denied, 124 U.S. 1041 (2004); see also Stmt. Int. at
8-10 (citing cases).

Plaintiffs' contention that they have greater need of
this information than other civil litigants, see id. at 6-7, even
if true, is beside the point.  Courts have long recognized that
the Government's need to protect sensitive national security
information must be honored, even when non-disclosure makes
private litigation more difficult or even impossible.  See
Reynolds, 345 U.S. at 11 (where military or state secrets are at
stake, "even the most compelling necessity cannot overcome the
claim of privilege"); see also, e.g., Zuckerbraun v. General
Dynamics Corp., 935 F.2d 544 (2d Cir. 1991) (affirming dismissal
of private wrongful death action based on state secrets
privilege); Trulock v. Lee, Nos. 02-1476, 02-1477, 2003 WL
21267827 (4th Cir. June 3, 2003) (same for private defamation
action); Bareford v. General Dynamics Corp., 973 F.2d 1138 (5th
Cir. 1992) (same for private wrongful death action), cert.
denied, 507 U.S. 1029 (1993); Fitzgerald v. Penthouse Int'l,
Ltd., 776 F.2d 1236 (4th Cir. 1985) (same for private defamation

action).[1]

Thus, the fact that the Government's policy may make it more difficult for plaintiffs to pursue their claims against certain defendants does not justify disclosure of national security information, particularly where the Government has determined that such disclosure could materially undermine its anti-terrorism efforts.  Certainly, plaintiffs' litigation need for the information does not provide a legal basis for the Court to compel the Government to disclose sensitive information or otherwise assist in serving process in this private civil litigation.

---

[1]     Contrary to plaintiffs' suggestion, Pl. Rep. at 5 n.2, the Government's protection of national security information in this and other cases does not constitute a taking within the meaning of the Fifth Amendment.  See, e.g., Paradissiotis v. United States, 304 F.3d 1271, 1275 (Fed. Cir. 2002) ("[V]alid regulatory measures taken to serve substantial national security interests may adversely affect individual contract-based interests and expectations, but those effects have not been recognized as compensable takings for Fifth Amendment purposes.").

7

CONCLUSION

For the foregoing reasons, and for the reasons stated
in the United States' initial Statement of Interest, the Court
should deny plaintiffs' motions to authorize substituted service
of process on certain defendants alleged to be in U.S. custody
through the Department of Justice.  The Government takes no
position on plaintiffs' alternative request for authorization to
effect service of process by publication.

Respectfully submitted,

PETER D. KEISLER                 DAVID N. KELLEY
Assistant Attorney General       United States Attorney


DOUGLAS N. LETTER                By:  s/ Sarah S. Normand
Terrorism Litigation Counsel         SARAH S. NORMAND
U.S. Department of Justice           Assistant U.S. Attorney
                                     86 Chambers Street, 3rd Floor
                                     New York, New York 10007
                                     Telephone: (212) 637-2709
                                     Facsimile: (212) 637-2717

                                     - Of Counsel -