**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |
|---|---|

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
*Ashton et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977

**_FEDERAL INSURANCE_ AND _ASHTON_ PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT AGAINST DEFENDANT, THE ISLAMIC REPUBLIC OF IRAN**

The *Federal Insurance* Plaintiffs, by and through their counsel, Cozen O'Connor, and the *Ashton* Plaintiffs, by and through their counsel, Kreindler & Kreindler, LLP, submit this Amended Consolidated Complaint, solely as to Defendant, the Islamic Republic of Iran, and solely with respect to their claims arising under 28 U.S.C. § 1605A, and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction arises pursuant to 28 U.S.C. § 1605A (the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605(a)(5) (the Foreign Sovereign Immunities Act). Jurisdiction also arises pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2), 18 U.S.C. § 2388, 28 U.S.C. § 1350 ("Alien Tort Act"), and the Torture Victim Protection Act, PL 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993)).

2. Venue is proper in this District pursuant to § 408(b)(3) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101; 28 U.S.C. §§ 1391(b)(2), 1391(d) and 1391(f)(1).

3. As herein alleged, the claims asserted herein against Iran for wrongful death, personal injury and related injury to property and economic losses resulting from the September 11th attacks fall within the exceptions to jurisdictional immunity under 28 U.S.C. § 1605A.

**PLAINTIFFS**

4. This Amended Consolidated Complaint is submitted solely as to Defendant Islamic Republic of Iran, on behalf of all plaintiffs in the following actions: *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, and *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977 (collectively "Plaintiffs"). This Amended Consolidated Complaint relates solely as to Defendant Islamic Republic of Iran and solely with respect to Plaintiffs' claims arising under the State Sponsor of Terrorism Exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, and does not apply to any other defendant in this multi-district proceeding, as to which the operative complaints and related pleadings in the *Federal Insurance* and *Ashton* actions remain in effect.

5. Plaintiffs adopt and incorporate by reference the following operative complaints and pleadings in their entireties, including all allegations and counts presented therein: *Federal Insurance* First Amended Complaint with Incorporated More Definite Statements, RICO Statements and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2, Case No. 03 Civ. 6978, ECF No. 772; *Ashton* Sixth Amended Complaint, Case No. 02 Civ. 6977, ECF No. 465.

6. The *Federal Insurance* Plaintiffs are specifically identified in their First Amended Complaint with Incorporated More Definite Statements, RICO Statements and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2, Case No. 03 Civ. 6978, ECF No. 772, incorporated herein by reference.

7. The *Ashton* Plaintiffs are specifically identified in their Sixth Amended Complaint, Case No. 02 Civ. 6977, ECF No. 465, incorporated herein by reference.

**DEFENDANT**

8. Defendant, the Islamic Republic of Iran (hereinafter referred to as "Iran"), is a foreign state within the meaning of 28 U.S.C. § 1391(f). Iran maintains an Interest Section within the United States at the Embassy of Pakistan at 2204 Wisconsin Avenue, N.W., Washington, D.C. 20007.

**FACTUAL ALLEGATIONS**

9. In support of their claims against Defendant Iran pursuant to 28 U.S.C. § 1605A, Plaintiffs incorporate herein by reference the averments in the operative complaints in the *Federal Insurance* and *Ashton* cases, and also incorporate herein by reference paragraphs 219-261 and paragraphs 324-374 of the Second Amended Complaint in *Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD, ECF No. 250-2 (S.D.N.Y. Mar. 1, 2010) ("*Havlish*"), which is a part of the *In re Terrorist Attacks on September 11, 2001* MDL.

**COUNT ONE**
***Claim by United States National Plaintiffs Against Iran Under Section 1605A(c) of the Foreign Sovereign Immunities Act***

10. Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth herein at length.

11. This suit was initially brought pursuant to 28 U.S.C. § 1605(a)(7) and Pub.L. 104-208, Div. A, Title I, § 101(c), 110 Stat. 3009-172 (reprinted at 28 U.S.C. § 1605 note (West Supp.)).

12. Congress in the National Defense Authorization Act for Fiscal Year 2008 (P.L. 110-181, § 1083), which was enacted January 29, 2008 (the "NDAA") amended the FSIA by

adding a new § 1605A to Chapter 97 of Title 28 of the U. S. Code. The new Section 1605A unequivocally creates a federal private right of action against the foreign state sponsors of terrorism:

> **(c) Private right of action.**--A foreign state that is or was a state sponsor of terrorism as described in subsection(a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
>
> **(1)** a national of the United States,
>
> **(2)** a member of the armed forces,
>
> **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
> **(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a) (1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

13. Section 1605A applies to this pending action pursuant to Pub.L. 110-181, Div. A, Title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342, which provides that:

> **(1) In general.**--The amendments made by this section [enacting this section and amending 28 U.S.C.A. §§1605, 1607, 1610, and 42 U.S.C.A. § 10603c] shall apply to any claim arising under section 1605A of title 28, United States Code [this section].
>
> * * *
>
> **(3) Related actions.**--If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code [this section], if the action is commenced not later than the latter of 60 days after--
>
> **(A)** the date of the entry of judgment in the original action; or

**(B)** the date of the enactment of this Act [Jan. 28, 2008].

14. As a result of the conduct of Iran and its agencies, instrumentalities, officials, employees and agents that violated the federal laws cited above, all Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

15. The surviving personal injury victims were seriously and severely injured, shocked, bruised and wounded and suffered great physical, mental and emotional pain and injury and they were rendered sick, sore, lame and disabled, and were otherwise injured, and were confined to a hospital, and/or to bed and home for a period of time. Those surviving personal injury victims are entitled to recover damages from Iran their personal injuries sustained in the September 11, 2001 terrorist attacks.

16. Decedents killed in the September 11, 2001 terrorist attack are survived by family members entitled to recover damages from Iran for wrongful death. These family members are among the Plaintiffs who are entitled to damages deemed as a fair and just compensation for the injuries resulting from the deaths of the Decedents.

17. The *Federal Insurance* Plaintiffs received assignments of several hundred wrongful death and personal injury claim for those who were killed or sustained injuries in the September 11, 2001 terrorist attacks, pursuant to applicable worker's compensation laws.

18. The injuries and damages suffered by the Plaintiffs by virtue of personal injury and wrongful death, and the consequences resulting there from, were proximately caused by the intentional and reckless acts, omissions, and other tortious conduct of Iran as described herein.

19. As a direct and proximate result of intentional and reckless acts, omissions, and other tortious conduct of Iran, the surviving personal injury plaintiffs suffered serious and permanent personal injuries, severe mental and emotional anguish and suffering, impairment of

their respective earning capacities, which impairment will continue indefinitely into the future, as well as financial losses and expenses.

20. As a direct and proximate result of intentional and reckless acts, omissions, and other tortious conduct of Iran, the surviving personal injury plaintiffs were obligated to receive and undergo medical attention and care and to incur various expenses for the treatment of their injuries.

21. As a direct and proximate result of the deaths of the Decedents, their heirs have been deprived of future aid, assistance, services, comfort, and financial support.

22. As a direct and proximate result of the Iran's cowardly, barbaric and outrageous acts of murder, the heirs of the Decedents will forever grieve their deaths.

23. As a further result of intentional and reckless acts, omissions, and other tortious conduct of Iran, the Plaintiffs have been caused to expend various sums to administer the estates of Decedents and have incurred other expenses for which they are entitled to recover amounts of money.

24. As a result of the defendant's murderous conduct, Plaintiffs suffered damages including pain and suffering, trauma, emotional distress, loss of life and life's pleasures, loss of earnings and earning capacity, loss of accretion to their estates and other items of damages as fully set forth in the paragraphs above which are incorporated herein by reference.

25. Plaintiffs also bring this action for damages suffered by the Decedents and caused by the defendant's conduct. As a result of the intentional and negligent acts of Iran as described above, the Decedents were placed in apprehension of harmful and offensive bodily contact (assault), suffered offensive and harmful bodily contact (battery), suffered extreme fear, anxiety, emotional and psychological distress (intentional/negligent infliction of emotional distress), and

were mentally and physically harmed, trapped, and falsely imprisoned (false imprisonment) prior to their deaths.

26. The actions of Iran, its agencies, instrumentalities, officials, employees and agents, acting in concert to carry out their unlawful objectives, were malicious, outrageous and in willful, wanton, and reckless disregard of the rights of all the Plaintiffs. The defendant intended to carry out actions that would end the lives of the Decedents.

27. As a result of their intentional, malicious, outrageous, willful and wanton conduct, all defendants are jointly and severally liable to all Plaintiffs for punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor against Iran jointly, severally, and/or individually, in an amount in excess of One Billion Dollars ($1,000,000,000) for compensatory and punitive damages, plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Iran from ever again committing the terrorist acts of September 11, 2001 or similar acts.

## COUNT TWO
### *Claim Against Iran Under Section 1605A(d) of the Foreign Sovereign Immunities Act*

28. Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth herein at length.

29. This suit was initially brought pursuant to 28 U.S.C. § 1605(a)(7) and Pub.L. 104-208, Div. A, Title I, § 101(c), 110 Stat. 3009-172 (reprinted at 28 U.S.C. § 1605 note (West Supp.)).

30. Congress in the National Defense Authorization Act for Fiscal Year 2008 (P.L. 110-181, §1083), which was enacted January 29, 2008 (the "NDAA") amended the FSIA by adding a new § 1605A to Chapter 97 of Title 28 of the U. S. Code. In addition to a private right

of action, the new Section 1605A authorized recovery of additional damages against the foreign state sponsors of terrorism:

> (d) Additional Damages.— After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

31. Section 1605A applies to this pending action pursuant to Pub.L. 110-181, Div. A, Title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342, which provides that:

> **(1) In general.**--The amendments made by this section [enacting this section and amending 28 U.S.C.A. §§1605, 1607, 1610, and 42 U.S.C.A. § 10603c] shall apply to any claim arising under section 1605A of title 28, United States Code [this section].
>
> * * *
>
> **(3) Related actions.**--If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code [this section], if the action is commenced not later than the latter of 60 days after--
>
> **(A)** the date of the entry of judgment in the original action; or
>
> **(B)** the date of the enactment of this Act [Jan. 28, 2008].

32. As a result of the conduct of Iran and its agencies, instrumentalities, officials, employees and agents that violated the federal laws cited above, all Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

33. The injuries and damages suffered by the Plaintiffs by virtue of the September 11, 2001 terrorist attacks, and the consequences resulting therefrom, were proximately caused by the intentional and reckless acts, omissions, and other tortious conduct of Iran as described herein.

34. As a direct and proximate result of the defendant's intentional, willful and malicious acts of terrorism on September 11, 2001, Plaintiffs have sustained property damage and economic losses.

35. The *Federal Insurance* Plaintiffs, in accordance with their obligations under applicable policies of insurance, paid several billion dollars to their insureds in compensation for property or other forms of economic damage resulting from the September 11, 2001 terrorist attacks. Pursuant to applicable worker's compensation laws, the *Federal Insurance* Plaintiffs also received assignments for several hundred wrongful death and personal injury claims.

36. Plaintiffs are entitled to damages under § 1605A(c) as described herein.

37. By reason of the same acts on which the action under § 1605A(c) is based, Plaintiffs have been caused to compensate their insureds for reasonably foreseeable property and economic loss, third party liability and loss under life and property insurance policies.

38. As a result of their intentional, malicious, outrageous, willful and wanton conduct, all defendants are jointly and severally liable to all Plaintiffs for punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor against Iran, jointly, severally, and/or individually, in an amount in excess of Four Billion Dollars ($4,000,000,000) for compensatory damages, together with punitive damages, interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Iran from ever again committing the terrorist acts of September 11, 2001 or similar acts.

Respectfully submitted,

COZEN O'CONNOR

BY: /s/

Stephen A. Cozen, Esquire
Elliott R. Feldman, Esquire
Sean P. Carter, Esquire
J. Scott Tarbutton, Esquire
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000

*Attorneys for Federal Insurance Plaintiffs*

KREINDLER & KREINDLER, LLP

BY: /s/

James P. Kreindler, Esquire
Andrew J. Maloney, III, Esquire
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 687-8181

*Attorneys for Ashton Plaintiffs*