**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br><br>ECF Case |

*This document relates to:*

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 03-cv-8591
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 04-cv-7216
*Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 17-cv-2129
*Muenchener Rueckversicherungs-Gessellscheft Aktiengesellscheft in Muenchen, et al. v.*
*Kingdom of Saudi Arabia, et al.*, Case No. 17-cv-7914
*Württembergische Versicherung AG v. Kingdom of Saudi Arabia*, Case No. 18-cv-12257

## NOTICE OF CONDITIONAL CROSS-APPEAL

NOTICE is hereby given that, in the event the United States Court of Appeals for the

Second Circuit finds that it possesses jurisdiction as to the Kingdom of Saudi Arabia's

interlocutory appeal (MDL ECF No. 11215), all Plaintiffs in the above-captioned actions hereby

cross-appeal to the United States Court of Appeals for the Second Circuit from (1) the

Memorandum Decision and Order of the United States District Court for the Southern District of

New York, dated March 28, 2018 (MDL ECF No. 3946) ("MTD Denial Order"), a copy of which

is attached as Exhibit A, to the extent the MTD Denial Order declined or failed to consider certain

of Plaintiffs' alternative theories of jurisdiction under the Foreign Sovereign Immunities Act

and/or related theories of liability, including without limitation Plaintiffs' theories concerning

additional tortious conduct of the Kingdom of Saudi Arabia and/or the tortious conduct of

additional agents and officials of the government of Saudi Arabia, Plaintiffs' theories of secondary

liability, and/or Plaintiffs' theories of jurisdiction under the non-commercial tort-exception; (2)

the Memorandum Decision and Order of the United States District Court for the Southern District

of New York, dated August 28, 2025 (MDL ECF No. 11180) ("Rule 72 Order"), a copy of which is attached as Exhibit B, overruling Rule 72 objections to Magistrate Judge Netburn's December 11, 2024 Opinion & Order (MDL ECF No. 10615), a copy of which is attached as Exhibit C, to the extent the Rule 72 Order excludes certain of Plaintiffs' expert witnesses from testifying or limits the scope of their testimony in relation to the jurisdictional inquiry under the Foreign Sovereign Immunities Act or otherwise; (3) the Order of the United States District Court for the Southern District of New York, dated January 26, 2024 (MDL ECF No. 9562), a copy of which is attached as Exhibit D, striking declarations from Plaintiffs' fact and expert witnesses; (4) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated February 7, 2023 (MDL ECF No. 8862), a copy of which is attached as Exhibit E, declining to revise the Court's MTD Denial Order and find jurisdiction pursuant to certain theories under the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016) and related law, including theories of jurisdiction and liability under principles of secondary liability; and (5) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11182) ("Renewed MTD Denial Order"), a copy of which is attached as Exhibit F, to the extent the Renewed MTD Denial Order incorporated or rested upon aspects of the prior orders referenced in (1)-(4) above.

This is a conditional cross-appeal, filed solely to preserve Plaintiffs' appellate rights in light of the Kingdom of Saudi Arabia's Notice of Appeal on September 8, 2025 (MDL ECF No. 11215). Plaintiffs submit that the Second Circuit lacks jurisdiction over the Kingdom of Saudi Arabia's interlocutory appeal as not falling within the collateral order doctrine. If the Second Circuit nevertheless concludes that it does have appellate jurisdiction, then Plaintiffs intend to proceed with their cross-appeal from the rulings as indicated above.

Dated:  September 19, 2025

Respectfully submitted,

COZEN O'CONNOR

/s/ Sean P. Carter
Sean P. Carter, Esq.
One Liberty Place
1650 Market Street, 28th Floor
Philadelphia, PA 19103
scarter1@cozen.com
Tel: (215) 665-2105

*Attorneys for Federal Insurance Co., Vigilant Insurance Co., Pacific Employers Insurance Co., Lloyd's Syndicate 53, Muenchener Rueckversicherungs-Gessellschaft Aktiengesellscheft in Muenchen, and Württembergische Versicherung AG Plaintiffs-Appellees*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Notice of Conditional Cross-Appeal was electronically filed this 19th day of September 2025. Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system.

_____

J. Scott Tarbutton, Esq.

LEGAL\80279498\1

4